OPINION
The following is an accelerated calendar case submitted on the record and brief of appellant. Appellee, Madison Township, has declined to submit a brief. Appellant, Charlotte A. Moore (Moore), appeals from the judgment of Painesville Municipal Court denying her motion to suppress. On April 3, 1999, Moore was cited for violations of R.C. 4511.25, driving left of center, and R.C.4511.19(A)(1), driving under the influence of alcohol. The court conducted a hearing on the motion on June 7, 1999. At the court's request, the parties filed supplemental briefs on June 9, 1999. The court entered judgment denying the motion on June 15, 1999, whereupon Moore entered a plea of no contest and she was found guilty of committing the offenses. The facts related to the intoxication charge are not relevant to the present appeal, as Moore is only contesting the propriety of the traffic stop.
On April 3, 1999, Moore was stopped in Madison Township by Sgt. Delcalzo of the Madison Township Police Department for driving left of center. Sgt. Delcalzo initially observed Moore while he was travelling through Madison Village. The village has its own, separate police force from the township, although Madison Village is entirely within Madison Township. Sgt. Delcalzo was travelling westbound on Middle Ridge Road in the village when he stopped at a traffic light at the intersection of Hubbard Road. On the other side of the intersection, further up the road, Moore pulled out of the parking lot of the American Legion and proceeded westbound. It was approximately 10:00 p.m.
Sgt. Delcalzo proceeded westbound, behind the vehicle. For the next one mile (approximately), the vehicles were within Madison Village. During this time, Moore was travelling at or less than the speed limit. However, Sgt. Delcalzo observed that the vehicle was weaving within its own lane. Sgt. Delcalzo testified that at that point, although it stayed within its lane, "the vehicle was weaving to what I would consider an extreme." He continued following the vehicle. Approximately one mile from the point of Sgt. Delcalzo's initial observation of the vehicle, it crossed the intersection of Burns Road and entered into Madison Township. After the vehicle entered Madison Township, Sgt. Delcalzo observed it cross the center line twice and the right edge line once, whereupon he initiated a traffic stop for a violation of R.C. 4511.25, left of center.
At the suppression hearing, Sgt. Delcalzo testified that once they were in Madison Township, Moore's vehicle crossed over the double-yellow lane divider lines twice. On each occasion, both tires on the driver's side crossed over the lines, and his testimony implied both tires crossed entirely over the lines. He also testified that she drove partially off the right edge of the road onto the berm once. He added that she was actually weaving more than that, as she was also weaving within her lane.
At the suppression hearing, Moore raised the issue of whether or not a Madison Township police officer has the authority to stop or arrest a citizen based upon having observed conduct that creates reasonable suspicion or probable cause within Madison Village. The court requested the parties brief the court on this issue, which they did. Ultimately, however, the court concluded that the conduct giving rise to probable cause occurred in Madison Township, independent of the police officer following the defendant through Madison Village and into the township. Consequently, it did not address the jurisdictional authority question in its judgment entry. The court concluded probable cause existed to stop the defendant, and denied the motion to suppress. From this judgment, Moore timely filed notice of appeal, assigning the following error:
 "The trial court erred in overruling Appellant's Motion to Suppress where the officer lacked reasonable and articulable suspicion that the defendant was violating any traffic laws and the officer began pursuit in violation of Ohio law."
Moore cites R.C. 2935.03 for the proposition that the authority of police officers is generally limited to arresting persons who violate laws within the limits of the political subdivision by which the officer is employed. However, all of this misses the point. Moore argues from the premise that the violations establishing probable cause occurred within the village. They did not. The violations occurred in Madison Township, and therefore, we need not reach the issue of Sgt. Delcalzo's jurisdictional authority. He did not stop or cite Moore for conduct that occurred within the village. Regardless of the nature of his authority within the village, certainly, Sgt. Delcalzo is entitled to drive through the village.
The law regarding reasonable suspicion and probable cause is well established. In evaluating the propriety of an investigative stop, a reviewing court must consider the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991),57 Ohio St.3d 86, 87-88; see, also State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. An officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant stopping a person. Terry v. Ohio (1968), 392 U.S. 1, 21. The assessment is to be judged against an objective standard. Id. at 21-22. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law. Id.;Delaware v. Prouse (1979), 440 U.S. 648; Mentor v. Webb (June 30, 1993), Lake App. No. 92-L-158, unreported. The test for probable cause is whether at the moment of the seizure of the person, the facts and circumstances within the knowledge of the officer, about which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the person had committed or was committing an offense. Beck v. Ohio
(1964), 379 U.S. 89, 91.
It is well established that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle observed violating such law. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11-12. We have repeatedly held that where a police officer witnesses a minor traffic violation, he or she is justified in initiating a limited stop for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, at 6, quoting State v. Yemma
(Aug. 9, 1996), Portage App. No 95-P-0156, unreported. The officer may then proceed to investigate the detainee for DUI if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Id.
In the present case, Sgt. Delcalzo testified that Moore's vehicle crossed over the double-yellow lane divider lines with both driver's side tires twice. That conduct constitutes a violation of R.C. 4511.25, driving left of center. Therefore, Sgt. Delcalzo had both reasonable suspicion and probable cause to initiate a traffic stop. Moore's assignment of error is without merit. The judgment of the trial court is affirmed.
 ___________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.